L. CHARLES WRIGHT, Retired Appellate Judge.
Vernon Snow filed an action under Alabama’s workmen’s compensation law to recover benefits from Olin Corporation, alleging an injury resulting from an accident occurring in the course of his employment. After an ore tenus proceeding, the trial court found for Snow. Olin appeals.
Olin asserts that, because the evidence showed that Snow was capable of performing sedentary work, the trial court erred in finding Snow to be totally and permanently disabled.
A permanent, total disability is the inability to perform one’s trade and the inability to work at, and to be retrained for, gainful employment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Our review in workmen’s compensation cases has been stated by our supreme court to be a two-step process. First, we must determine if there is any legal evidence to support the trial court’s findings. If such legal evidence is found, we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc.
The record reflects that at the time of trial Snow was 38 years old and had a ninth-grade education. At the time of the accident he was employed as a shipper-operator. He had worked for Olin in that capacity since 1977.
Snow testified that his back was injured in September 1987 when he attempted to open a valve on the top of a rail car with a wrench. Following the injury, he was given pain medication and sent home. He was subsequently examined by the company physician, who returned him to work on light duty. He worked for 21 days with no improvement in his condition.
In October 1987 Snow consulted with Dr. Dyas, an orthopaedic specialist. Following diagnostic testing, Dr. Dyas determined that Snow was suffering from a bulging disk at the L4 and L5 level of his back. He determined that surgery was not necessary but that conservative treatment was needed. He gave Snow an anatomical impairment rating of 10% of the body as a whole. He testified that from a functional standpoint Snow would be limited to sedentary types of work. He stated that Snow could not lift, carry, stoop, squat, or climb. He suggested that Snow not lift anything greater than 20 pounds on a repetitive basis.
Snow testified that he currently experiences pain in the lower part of his back with pain radiating down his left hip and left leg. He testified that he can walk around but cannot lift, bend, stoop, squat, or pick up anything heavy. He stated that it is painful to sit for extended periods of *568 time. He testified that he has not been free from pain since the injury occurred.
Tom Christiansen, a vocational rehabilitation specialist, testified that Snow had sustained a 60% to 70% vocational loss. He stated that Snow would experience difficulty in obtaining further employment because of his low intelligence, an employment history of manual labor, and having sustained an injury resulting in significant functional limitations. Mr. Christiansen did, however, identify several available sedentary jobs in the local labor market.
Wanda Kitchens, a functional capacities specialist, testified that in her opinion Snow would be unable to perform work even in the sedentary category due to his inability to tolerate work activity for more than three hours at a time.
Dr. Joseph Law, a vocational expert, found Snow’s intellect to be in the ninth percentile. He factored the limitations placed on Snow by Dr. Dyas, the findings of Ms. Kitchens, and Snow’s intellectual limitations and determined that there were no jobs available which he believed Snow would be able to perform. He found Snow to be 100% disabled from being able to secure gainful employment.
We find, based on our review of the evidence, that the trial court’s finding that Snow is permanently and totally disabled and is unable to return to his job or to be successfully retrained for any substantial gainful employment is supported by legal evidence. A reasonable view of the evidence supports the trial court’s judgment. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.